✔ JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RICKY SANDERS,

               Petitioner,

    v.

TRACY JOHNSON,

               Respondent.

Case No. CV 23-4203-ODW (AS)

**ORDER OF DISMISSAL**

**INTRODUCTION**

On May 30, 2023, Ricky Sanders ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 1). Petitioner, who was sentenced in 2002 to a total of forty-five years to life in prison for first degree murder, in Los Angeles Superior Court case number TA059122, now challenges the state court's 2022 denial of his petition for

resentencing under California Penal Code section 1170.95/1172.6.[1] (See Petition at 2-6). For the reasons explained in this Order, the Petition is dismissed for failure to present a cognizable federal habeas claim.

**BACKGROUND[2]**

On November 16, 2001, a Los Angeles Superior Court jury convicted Petitioner of one count of first degree murder in violation of California Penal Code section 187(a). On January 16, 2002, Petitioner was sentenced to an aggregate term of forty-five years to life in state prison. Thereafter, the California Court of

---

[1] Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6, but otherwise unchanged. See Cal. Assembly Bill 200, ch. 58, § 10, 2021-2022 Reg. Sess., https://leginfo. legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202120220AB 200. As both numberings were applicable at different stages of Petitioner's state proceedings, this Order generally refers to the relevant provision as "section 1170.95/1172.6"

[2] The facts and procedural history set forth in this section are derived from the instant Petition, as well as the California state appellate court dockets available online at https://appellatecases.courtinfo.ca.gov/, and the petitions and court records in the Central District of California in the following cases of which this Court takes judicial notice: Sanders v. Giurbino, Case No. CV 04-4456-DT (CW) (C.D. Cal.), and Sanders v. Price, Case No. CV 15-8866-ODW (CW) (C.D. Cal.). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

2

Appeal affirmed the judgment, and the California Supreme Court denied review.

On June 21, 2004, Petitioner sought relief from the state conviction by filing a federal habeas corpus petition in this Court pursuant to 28 U.S.C. § 2254 (case number CV 04-4456-DT (CW)). On August 7, 2006, the Court denied the petition on the merits. Several years later, on November 13, 2015, Petitioner filed another habeas petition in this Court challenging the same conviction pursuant to § 2254 (case number CV 15-8866-ODW (CW)). On December 1, 2015, the Court dismissed the petition without prejudice because it was barred as an unauthorized second or successive petition.

On September 30, 2018, the California Governor signed Senate Bill 1437. "The legislation, which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189, as well as by adding Penal Code section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." People v. Martinez, 31 Cal. App. 5th 719, 722, as modified on denial of reh'g (Feb. 13, 2019), review denied (May 1, 2019). In particular, Senate Bill 1437 "was enacted to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the

1    underlying felony who acted with reckless indifference to human

2    life." Id. at 723 (citation omitted).

3

4        On January 7, 2019, Petitioner filed a petition in Los Angeles

5    County Superior Court (case number TA059122) for resentencing

6    pursuant to section 1170.95/1172.6. Because Petitioner had been

7    tried under a felony murder theory of liability and was therefore

8    prima facie eligible for relief under section 1170.95/1172.6, the

9    trial court held an evidentiary hearing on the petition. Upon

10   considering the trial record and other evidence, on March 18, 2022,

11   the court denied relief on the ground that the evidence established

12   that Petitioner was a major participant in the underlying robbery

13   who had acted with reckless indifference to human life. Petitioner

14   appealed, and the California Court of Appeal affirmed in a reasoned

15   decision on November 30, 2022 (case number B319876). The California

16   Supreme Court then denied a petition for review on February 22,

17   2023 (case number S278222).

18

19       Petitioner also sought habeas relief in state court regarding

20   the denial of his section 1170.95/1172.6 petition for resentencing.

21   Petitioner's habeas petition in the trial court was denied on

22   February 22, 2023. He then filed a petition in the California Court

23   of Appeal on April 24, 2023, which was denied on May 5, 2023 (case

24   number B328128). The instant Petition in this Court followed.

25

26

27

28

4

1

**DISCUSSION**

2

3       A petitioner may seek federal habeas relief from a state court
4  conviction or sentence "only on the ground that he is in custody
5  in violation of the Constitution or laws or treaties of the United
6  States." 28 U.S.C. § 2254(a); accord Swarthout v. Cooke, 562 U.S.
7  216, 219 (2011) (per curiam). Matters relating solely to the
8  interpretation or application of state law generally are not
9  cognizable on federal habeas review. See Wilson v. Corcoran, 562
10  U.S. 1, 5 (2010) ("federal habeas corpus relief does not lie for
11  errors of state law") (quoting Estelle v. McGuire, 502 U.S. 62, 67
12  (1991)); Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009)
13  ("[W]e have repeatedly held that 'it is not the province of a
14  federal habeas court to reexamine state-court determinations on
15  state-law questions.'") (quoting Estelle, 502 U.S. at 67-68);
16  Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (a state court's
17  interpretation of state law binds federal court sitting in habeas
18  corpus); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997)
19  ("[A]lleged errors in the application of state law are not
20  cognizable in federal habeas corpus [proceedings].").  Accordingly,
21  "[a]bsent a showing of fundamental unfairness, a state court's
22  misapplication of its own sentencing laws does not justify federal
23  habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir.
24  1994).

25

26       Here, the Petition purports to challenge the state court's
27  denial of a petition for resentencing pursuant to California Penal
28  Code section 1170.95/1172.6. As such, the Petition involves only

1    the application of state sentencing law and does not give rise to
2    a federal question cognizable on federal habeas review. See <u>Souch</u>
3    <u>v. Schaivo</u>, 289 F.3d 616, 622–23 (9th Cir. 2002) (state prisoner's
4    challenge to trial court's exercise of discretion under state
5    sentencing law fails to state federal habeas claim); <u>Miller v.</u>
6    <u>Vasquez</u>, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (determination of
7    the scope of "California's sentence enhancement provisions is a
8    question of state sentencing law" outside the purview of federal
9    habeas relief). Indeed, "[c]ourts in this district have repeatedly
10   held that whether a petitioner is entitled to resentencing under
11   the amendments effected by Senate Bill 1437 is solely an issue of
12   state law and does not give rise to a claim cognizable on federal
13   habeas." <u>Edwards v. Robertson</u>, 2023 WL 4111372, at *6 (C.D. Cal.
14   June 21, 2023); <u>see also</u>, <u>e.g.</u>, <u>Mays v. Montgomery</u>, 2021 WL 2229082,
15   at *3 (C.D. Cal. Apr. 22, 2021) (collecting cases), <u>report and</u>
16   <u>recommendation adopted</u>, 2021 WL 2223276 (C.D. Cal. June 1, 2021).

17

18        Moreover, even if Petitioner had attempted to assert
19   violations of federal due process, the Petition still would fail.[3]
20   Although a state court's misapplication of state sentencing law
21   may violate due process if a petitioner can demonstrate that the
22   state sentencing error was "so arbitrary or capricious as to
23   constitute an independent due process" violation, <u>Richmond v.</u>
24   <u>Lewis</u>, 506 U.S. 40, 50 (1992), a habeas petitioner "may not . . .

25

26        [3] The claims in the Petition do not expressly assert any
     violations of due process or any other constitutional provisions,
27   though Petitioner vaguely indicates that his recent state habeas
     petitions asserted federal due process violations. (<u>See</u> Petition
28   at 4–6).

1  transform a state-law issue into a federal one merely by asserting

2  a violation of due process," <u>Langford v. Day</u>, 110 F.3d 1380, 1389

3  (9th Cir. 1996).

4

5      Petitioner's claims here, liberally construed, give no

6  indication that the state court's ruling on his section

7  1170.95/1172.6 petition for resentencing amounted to a denial of

8  federal due process. The Petition challenges the state court's

9  resentencing decision on the following grounds: (1) the trial court

10 wrongly considered a robbery for which Petitioner had not been

11 charged or convicted; (2) the trial court "illegal[ly]" used a

12 felony murder instruction when there was no underlying charge or

13 conviction other than murder; (3) the trial court failed to take

14 into consideration the "juvenile brain" at the time of the crime;

15 (4) the trial court improperly considered witness testimony that

16 had been stricken. (Petition at 5-6). None of these claims suggest

17 that the resentencing proceedings were fundamentally unfair; they

18 appear, rather, solely to concern Petitioner's rights under state

19 law.[4]  Moreover, to the extent that these claims challenge

20 Petitioner's 2001 conviction at trial rather than the state court's

21 _____

22      [4] Even based on state law, at least some of the claims seem
   meritless. For example, contrary to Petitioner's claims (1) and
23 (2) above, a felony murder conviction in California does not
   require that the underlying felony be charged; there need only be
24 a murder "committed in the perpetration of, or attempt to
   perpetrate," certain enumerated felonies, including robbery,
25 whether charged or not. <u>See</u> Cal. Penal Code § 189. In fact, section
   1170.95/1172.6 includes a mechanism specifically for resentencing
26 petitioners who were convicted on a felony murder theory (and
   otherwise qualify for relief under section 1170.95/1172.6) in cases
27 where the "target offense" (<u>i.e.</u>, the underlying felony) "was not
   charged." <u>See</u> Cal. Penal Code 1172.6(e).
28

later ruling on his petition for resentencing, they are also barred as unauthorized successive claims because this Court previously denied on the merits a previous habeas petition challenging the same state criminal judgment, see Sanders v. Giurbino, Case No. CV 04-4456-DT (CW) (C.D. Cal.), and Petitioner apparently has not obtained the Ninth Circuit's permission to assert these new claims. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Petitioner has therefore failed to present any cognizable claims for federal habeas relief. See, e.g., Carter v. Koenig, 2019 WL 6331375, at *4-5 (C.D. Cal. Oct. 30, 2019) ("[T]hat Petitioner characterizes [his Senate Bill 1437] claims as a violation of his federal constitutional rights is not sufficient, without more, to state a federal claim."); Esparza v. Lizarraga, 2019 WL 6749449, at *3 (C.D. Cal. Aug. 7, 2019) ("Nor is the Court aware of any federal constitutional hook to California's reform of the felony-murder and natural-and-probable-consequences doctrines.").

//

//

//

8

**ORDER**

    ACCORDINGLY, IT IS ORDERED that the Petition is dismissed.


    LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: June 30, 2023

_____
                OTIS D. WRIGHT, II
         UNITED STATES DISTRICT JUDGE


Presented by:

                /s/
_____
            ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

9